UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

    Plaintiff/Respondent,

v.

**MEMORANDUM OPINION AND ORDER**
Crim. No. 14-20 (03) (MJD)

Vincent Mario Benshoof,

    Defendant/Petitioner.

_____

LeeAnn K. Bell, Assistant United States Attorney, Counsel for Respondent.

Petitioner, *pro se*.

_____

This matter is before the Court upon the petition of Vincent Benshoof to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255.

I. **Procedural History**

On May 15, 2014, Petitioner pleaded guilty to Count 1 of the Indictment which charged conspiracy to distribute 500 grams or more of a mixture or substance containing methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846.

1

Prior to sentencing, the United States Probation Office prepared a Presentence Investigation Report ("PSR") advising that the total offense level for the crime of conviction was 29 and that his criminal history category was IV.

Petitioner objected to the determination that he was an average participant and that a criminal history category IV overstated his criminal history and the likelihood he would reoffend. The Court overruled the objection as to role in the offense and granted a downward departure as to criminal history category, finding that a category III better stated his criminal history and the likelihood he would reoffend. The Court found the applicable guideline range to be 120 to 135 months. The bottom of the range was based on the applicable statutory mandatory minimum sentence for the offense of conviction. The Defendant was sentenced to 120 months in prison, followed by five years supervised release.

Petitioner filed a Notice of Appeal, but later moved to dismiss his Appeal, which motion was granted.

On November 9, 2016, Petitioner filed the instant petition, claiming his defense counsel provided ineffective assistance of counsel.

## II.     Standard of Review

Under 28 U.S.C. § 2255, "[a] prisoner in custody under sentence . . .

claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence . . . or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). Section 2255 is intended to provide federal prisoners a remedy for jurisdictional or constitutional errors. Sun Bear v. United States, 644 F.3d 700, 704 (8th Cir. 2011). It is not intended to be a substitute for appeal or to relitigate matters decided on appeal. See Bousley v. United States, 523 U.S. 614, 621 (1998); Davis v. United States, 417 U.S. 333, 346-47 (1974)).

> Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice. A movant may not raise constitutional issues for the first time on collateral review without establishing both cause for the procedural default and actual prejudice resulting from the error.

United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996) (citations omitted).

Petitioner is entitled to an evidentiary hearing on his petition "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C.A. § 2255(b). "[A] petition can be dismissed

3

without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995) (internal citations omitted).

## III. Merits Determination

Petitioner asserts that he is entitled to relief because his sentencing proceeding was constitutionally infirm based on this Court's finding that he was an average participant in the charged conspiracy. He argues the Court compared his conduct with the hypothetical average drug conspiracy, and that such assumption was in error and was the result of ineffective assistance of counsel.

Claims of ineffective assistance of counsel may constitute both cause and prejudice to excuse a procedural default. Boysiewick v. Schriro, 179 F.3d 616, 619 (8th Cir. 1999) (citation omitted). Such claims must be scrutinized under the two-part test of Strickland v. Washington, 466 U.S. 668 (1984). Under the Strickland test, Petitioner must prove that: 1) counsel's representation was deficient; and 2) counsel's deficient performance prejudiced Petitioner's case. Kingsberry v. United States, 202 F.3d 1030, 1032 (8th Cir. 2000) reh'g and reh'g en banc denied,

(March 28, 2000).

To satisfy the first prong of the Strickland test, Petitioner must show that counsel's representation fell below an objective standard of reasonableness under professional norms. Strickland, 466 U.S. at 688. The inquiry should be whether counsel's assistance was reasonable considering all of the circumstances surrounding the case. Id. Judicial scrutiny of counsel's performance should be highly deferential and the general presumption is that counsel's conduct "falls within the wide range of reasonable professional assistance." Id. at 689.

To satisfy the second prong under the Strickland test, Petitioner must show a reasonable probability that but for counsel's errors, the outcome of the proceedings would have been different. Id. at 694. The analysis may begin with the second prong and if Petitioner fails to show actual prejudice, the Court need not consider the reasonableness of counsel's behavior. Id.

Petitioner cannot show prejudice because even if the Court applied a minor role reduction, the outcome of the proceedings would not have been different. Petitioner was sentenced to the statutory mandatory minimum sentence of 120 months. Thus, no matter what the applicable guideline range, the Court could not sentence Petitioner below 120 months.

IV.     **Certificate of Appealability**

With regard to the procedural rulings in this Order, the Court concludes that no "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right;" nor would "jurists of reason . . . find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). With regard to the decision on the merits, the Court concludes that no "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id.

Accordingly,

**IT IS HEREBY ORDERED** that the Petition to Vacate, Set Aside or Correct a Sentence Pursuant to 28 U.S.C. § 2255 [Doc. No. 793] is **DENIED**, and the Court denies a Certificate of Appealability in this case.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Date: September 19, 2017

                                                  s/ Michael J. Davis
                                                  Michael J. Davis
                                                  United States District Court